LEWARNE *v.* MEXICAN INTERNATIONAL IMP. Co. *et al.*

*(Circuit Court, E. D. Louisiana.* May 9, 1889.)

EQUITY—PLEADING—MULTIFARIOUSNESS—RULE 94.

A bill brought by a stockholder against the corporation and others, charging (1) an illegal issue of preferred stock; (2) a breach of trust on the part of the original board of directors, in fraudulently issuing full-paid stock for a nominal consideration; and (3) an illegal purchase of a certain lottery grant, — is multifarious, and obnoxious to equity rule 94, whether the matters charged are separate and distinct, or connected and consisting of a series of transactions by the same parties.

In Equity.   On demurrer to bill.

*H. L. Lazarus* and *J. R. Beckwith,* for complainant.

*W. W. Howe, C. F. Buck,* and *Farrar & Kruttschnit,* for defendants.

Before PARDEE and BILLINGS, JJ.

PER CURIAM.   The matters and things and the relief prayed for set forth in the bill and amended bill in this case cover three separate matters of equity cognizance, not necessarily blended together, nor arising out of one transaction; to-wit, the alleged illegal issue of preferred stock; the alleged breach of trust on the part of the original board of directors in fraudulently issuing full-paid stock for a nominal consideration; and the alleged illegal purchase of the Biranda lottery grant.   The first of these is a matter which may well be tested between dissenting stockholders and the corporation, founded on rights which may be asserted by the stockholders as against the corporation, and to which only the corporation is a necessary defendant.   The second is founded on rights which may properly be asserted by the corporation against the delinquent trustees, and to which such trustees are necessary parties.   If suit is brought thereon by a stockholder in the federal court, equity rule No. 94 expressly and in terms applies.   The third is also founded upon a right which may be properly asserted by the corporation, and, if action is brought therefor by a stockholder, equity rule 94 applies.   If, as counsel for complainant contends, the whole action is one arising out of a series of transactions by the same parties, and is solely for an accounting as against delinquent trustees, then the conclusion is inevitable that the case is one of "a bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may be properly asserted by the corporation," and is directly within the terms of said equity rule 94.   In our opinion, the bill is multifarious, and in every view of the case which has been presented to us we are of the opinion that the demurrers are well taken, and should be sustained.   A decree to that effect and dismissing the bill will be entered.